UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLY PINN, an individual, on her own behalf and on behalf of all other similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:24-CV-3090-B |
| QUINTESSA, LLC and SLOCUMB LAW FIRM, LLC, | § § § | |
| Defendants. | § § | |

<u>STIPULATED PROTECTIVE ORDER</u>

Before the Court is the Parties' Joint Motion for a Protective Order (Doc. 16). The Court **GRANTS** the Motion and imposes the following Protective Order.

The parties agree that during the course of discovery it may be necessary for the parties or third parties to disclose certain categories of confidential information relating to the subject matter of this action. The parties agree that certain categories of information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals.

Protection of the identified categories of confidential information is necessary because discovery in this action will require disclosure of documents that are relevant to the claims and defenses asserted, and it is likely that such documents will contain confidential personal information, financial information, and/or proprietary or trade secret information of the parties.

For good cause shown under Federal Rule of Civil Procedure 26(c), the Court grants the parties' joint request and hereby enters the following Protective Order:

## I.    PROCEEDINGS AND INFORMATION GOVERNED

1.    This Protective Order is made under Federal Rule of Civil Procedure 26(c). It governs any document, information, or other thing furnished by any party or third party to any other party, and it includes any non-party who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given, or filed in this action that are designated by a party or non-party as "Confidential Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

## II.    DESIGNATION AND MAINTENANCE OF INFORMATION

2.    For purposes of this Protective Order, the "Confidential Information" designation means that the document or information is comprised of: (i) proprietary information and literature; (ii) sensitive business or financial information; (iii) confidential research, development, or commercial information; (iv) trade secrets; (v) financial, technical, marketing, or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Federal Rule of Civil Procedure 26(c)(1)(G); (vi) the identity of clients, customers, vendors, and affiliates; (vii) pricing information; or (vi) other information required by law or agreement to be kept confidential including, but not limited to, confidential or sensitive personal information concerning current or former employees (such as addresses and phone numbers, social security numbers, HIPAA information, familial information, and financial information).

Confidential Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made (the "Receiving Party") unless the Receiving Party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3.      For purposes of this Protective Order, the "Confidential Attorneys Eyes Only Information" designation means "Confidential Information" which, if disclosed to a competitor, would cause substantial competitive harm which cannot be prevented through the use of less restrictive means.

4.      Documents and things produced during the course of this litigation within the scope of paragraph 2 above may be designated in good faith by the party or non-party producing the document or thing to the Receiving Party (the "Producing Party") as containing Confidential Information by placing on each page and each thing a legend, or otherwise conspicuously designating such information substantially as follows:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

For electronically stored information (ESI) that is produced in its native or near native format, the Producing Party may either (1) provide a TIFF image slipsheet with the Bates number and the above Confidentiality designation legend above on such slipsheet as well as in entry for that Bates number in the .DAT overlay that is produced together with the TIFF image or (2) include the legend above in the name of a folder or directory containing the electronic documents so designated.

5.      Documents and things produced during the course of this litigation within the scope of paragraph 3 above may be designated in good faith by the Producing Party as containing

Confidential Attorneys Eyes Only Information by placing on each page and each thing a legend, or otherwise conspicuously designating such information substantially as follows:

**CONFIDENTIAL ATTORNEYS EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER**

For electronically stored information (ESI) that is produced in its native or near native format, the Producing Party may either (1) provide a TIFF image slipsheet with the Bates number and the above Confidentiality designation legend above on such slipsheet as well as in entry for that Bates number in the .DAT overlay that is produced together with the TIFF image or (2) include the legend above in the name of a folder or directory containing the electronic documents so designated.

6.      Where a Receiving Party has requested electronic documents in native or near native format, Producing Parties shall not alter any such documents to apply the legend above. For electronically stored information (ESI) that is produced in its native or near native format, the Producing Party shall provide a TIFF image slipsheet with the Bates number and the above AEO designation language on such slipsheet and shall also include the word "CONFIDENTIAL" in the name of the native file. For electronically stored information (ESI) that is produced in its native or near native format without Concordance, the Producing Party shall provide include the legend above in the name of a folder or directory containing the electronic documents so designated. A party may designate information disclosed at a deposition as Confidential Information or Confidential Attorneys Eyes Only Information by requesting the court reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after receipt of the final deposition transcript to designate, in writing to the other parties and to the court reporter,

whether the transcript, or portions of the transcript, are to be designated as Confidential Information or Confidential Attorneys Eyes Only Information. If no such designation is made at the deposition or within this fourteen (14) calendar-day period (during which period the transcript must be treated as or Confidential Attorneys Eyes Only Information, unless the disclosing party consents to non-confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Confidential Attorneys Eyes Only Information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody, or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Confidential Attorneys Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

### III.    INADVERTENT FAILURE TO DESIGNATE

7.     The inadvertent failure to designate any information or documents containing information as Confidential or Confidential Attorneys Eyes Only Information will not be deemed to waive a later claim that such information is Confidential or Confidential Attorneys Eyes Only Information or to stop the Producing Party from designating such information as Confidential or Confidential Attorneys Eyes Only Information at a later date in writing and with particularity. The information must be treated by the Receiving Party as Confidential or Confidential Attorneys Eyes Only Information from the time the Receiving Party is notified in writing of the change in the designation. Within three (3) days of receiving a written request to do so from the Producing Party,

the Receiving Party shall return to the Producing Party or destroy, and certify in writing such destruction, any documents or tangible items that the Producing Party represents were inadvertently or mistakenly produced without the Confidential or Confidential Attorneys Eyes Only Information designation. The Receiving Party shall also destroy all copies of any such inadvertently or mistakenly undesignated information. At the same time this request is made, the Producing Party must reproduce to the Receiving Party the mistakenly undesignated information with the proper Confidential or Confidential Attorneys Eyes Only Information designation. Where the mistakenly undesignated information is electronically stored information that was produced in its native or near native format, then rather than the Receiving Party deleting such information and the Producing Party re-producing such information, the Producing Party may (1) produce a .DAT overlay that contains the proper Confidential or Confidential Attorneys Eyes Only Information designation or (2) include the legend above in the name of a folder or directory containing the electronic documents so designated.

## IV.    CHALLENGE TO DESIGNATIONS

8.    A Receiving Party may challenge a Producing Party's designation at any time. Any Receiving Party disagreeing with a designation may request in writing that the Producing Party change the designation. The Producing Party will then have ten (10) business days after receipt of a challenge notice to advise the Receiving Party whether it will change the designation. If the parties are unable to reach an agreement after the expiration of ten (10) business days, and after the conference required under LR 7.1(a), the Producing Party shall file and serve a motion to retain confidentiality with evidentiary support for the designation. Failure by the Producing Party to make such a motion including the required evidentiary support within fifteen (15) business days shall

automatically waive the confidentiality designation for each challenged designation. The burden of persuasion in any such challenge proceeding will be on the Designating Party.

### V.    DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION

9.    Information designated as Confidential or Confidential Attorneys Eyes Only Information may only be used for purposes of preparation, trial, and appeal of this action. Confidential Information of Confidential Attorneys Eyes Only Information may not be used under any circumstances for any other purpose.

10.    Subject to paragraph 13 below, Confidential Information may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order and the terms in paragraph 10 of this Protective Order are satisfied:

(a)    **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.

(b)    **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action, including in-house counsel, outside counsel, and contract attorneys hired for review purposes.

(c)    **Support Personnel.** Supporting personnel employed by (b), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services.

(d)    **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation (including pre-trial proceedings) and trial of this action, but only after such persons have completed the certification contained in **Exhibit A.**

(e) **Court reporters, videographers, translators, and other recorders engaged for depositions.**

(f) **The Court and its personnel.**

(g) **Witnesses.** During depositions or testimony at trial or any hearing, witnesses in this action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge. Disclosure to such person is limited to the portion of the document in which the person or person's conduct or knowledge is identified or referenced. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts and shall complete the certification contained in <u>Exhibit A</u> to this Order. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(h) **Authors or Recipients.** The author(s) or recipient(s) of the document (not including a person who received the document in the course of the litigation); and

(i) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

11.    Subject to paragraph 13 below, Confidential Attorneys Eyes Only Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

(a) **Counsel.** Only outside counsel for the parties, employees of such counsel who have responsibility for the action, and contractors hired for review purposes may be allowed to review materials designated Confidential Attorneys Eyes Only Information. In-house counsel of either party are not permitted to access Confidential Attorneys Eyes Only Information under this Order (other than that party's own Confidential Attorneys Eyes Only Information).

(b) **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation (including pre-trial proceedings) and trial of this action, but only after such persons have completed the certification contained in <u>Exhibit A.</u>

(c) **Contractors and Vendors.** Any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court-reporting services, demonstrative-exhibit preparation, or the creation of any computer database from document but only after such persons have completed the certification contained in <u>Exhibit B</u>.

(d) **Court reporters, videographers, translators, and other recorders engaged for depositions**.

(e) **The Court and its personnel**.

(f) <u>**Witnesses**</u>. During depositions or testimony at trial or any hearing, witnesses in this action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good faith basis for believing such Confidential Attorneys Eyes Only Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge. Disclosure to such person is limited to the portion of the document in which the person or person's conduct or knowledge is identified or referenced. Witnesses shall not retain a copy of documents containing Confidential Attorneys Eyes Only Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts and shall complete the certification contained in <u>Exhibit A</u> to this Order. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Attorneys Eyes Only Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(g) <u>**Authors or Recipients.**</u> The author(s) or recipient(s) of the document (not including a person who received the document in the course of the litigation); and

(h) <u>**Others by Consent.**</u> Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

12. Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as <u>Exhibit B.</u> In the event of disclosure under this

paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may otherwise be made under and who are bound by this Protective Order, may be present during the disclosure or discussion of the Confidential Information or Confidential Attorneys Eyes Only Information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

## VI.    NON-PARTY INFORMATION

13.    The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony. Any such person may designate documents, tangible things, or testimony as Confidential or Confidential Attorneys Eyes Only Information pursuant to the procedure outlined for parties in this Protective Order.

## VII.    FILING DOCUMENTS WITH THE COURT

14.    If the designating party wishes to submit its own Confidential or Confidential Attorneys Eyes Only Information to the Court, it has discretion as to whether to file the submission under seal and/or what redactions to apply for the document to be suitable for public filing.

15.    If any party wishes to submit information that has been designated by another party as Confidential or Confidential Attorneys Eyes Only Information, the non-designating party must file a motion to seal pursuant to LR 79.3, filed under seal on CM/ECF. Within two (2) business days of the filing of the sealed document, the designating party will send to the non-designating party proposed redactions to the sealed document so that a redacted version may be publicly filed and accepted by the Court. If the parties agree on the redactions, the non-designating party will file the agreed proposed redactions with the Court. If the parties do not agree on the redactions, both parties

will file their proposed redactions with the Court with briefing and evidentiary support as may be required by local rules and/or applicable law. Until the Court makes a determination, the sealed document will not be publicly filed. The Court will evaluate such motions in accordance with the judicial-record sealing standard.[1] The non-designating party may only file the sealed information in the public record if expressly authorized to do so by Court order.

16.     Producing or receiving Confidential or Confidential Attorneys Eyes Only Information, or otherwise complying with the terms of this Protective Order, will not: (a) operate as an admission by any party that any particular Confidential or Confidential Attorneys Eyes Only Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

## VIII.   USE OF CONFIDENTIAL MATERIALS DURING COURT PROCEEDINGS

17.     In the event that any Confidential or Confidential Attorneys Eyes Only Information is used in any Court pre-trial proceeding in this litigation (including but not limited to conferences, oral arguments, or hearings), the information shall not lose its status as Confidential or Confidential Attorneys Eyes Only Information through such use, and the Party using the information in such pre-

---

[1] *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417–18 (5th Cir. 2021) (explaining that "courts are duty-bound to protect public access to judicial proceedings and records," a duty that is all too "easy to overlook" in the context of stipulated sealings, and that it is inappropriate to "presum[e] that whatever satisfies the lenient protective-order standard will necessarily satisfy the stringent sealing-order standard").

trial proceeding shall take all steps reasonably required to protect the confidentiality of the information during such use, including, but not limited to, requesting *in camera* proceedings.

### IX.    PRIVILEGED MATERIALS; CLAWBACK OF PRIVILEGED OR PROTECTED MATERIAL

18.    This Protective Order is intended to be an order within the meaning of Federal Rules of Evidence 502(d) and 502(e) and to be accorded scope to the fullest extent permitted thereunder. Nothing in this Protective Order shall be construed to require disclosure of information, documents, or tangible items that counsel contends are protected from disclosure by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity.

19.    The parties shall produce privilege logs pursuant to Fed. R. Civ. P. 26(b)(5)(A). As part of that production, the parties shall provide a list of all lawyers identified on the privilege log, identifying each as inside or outside counsel. Except for good cause shown or as otherwise provided for in any Scheduling Order, the parties shall not be obligated to identify on their privilege logs any privileged or work product documents created by counsel or communications between a party and their counsel on or after the start of this lawsuit.

20.    When a Producing Party gives notice to the Receiving Party that information subject to a claim of privilege or other protection from disclosure has been inadvertently produced (a "Clawback Request"), the Receiving Party shall not use, and shall immediately cease any prior use of, such information, including to assess or challenge the assertion of privilege, and its treatment of such information shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent disclosure of any privileged or otherwise-protected information shall not constitute a waiver or impairment of, nor prejudice to, any claim of privilege, immunity, or protection, including without limitation the attorney-client privilege, the

joint defense privilege, and the work product doctrine, to which the producing party would otherwise have been entitled had the information not been inadvertently produced or disclosed. The entry of this Protective Order by the Court constitutes a court order under Rule 502(d) of the Federal Rules of Evidence and shall be interpreted to provide the maximum protection allowed by that Rule. Except as stated above, this paragraph shall not be construed to prevent a party from objecting to or challenging any assertion of privilege or other protection from disclosure, and the burden of proving any such privilege or other protection from disclosure remains on its proponent, including the burden to show that privilege was not waived and any disclosure was inadvertent.

21. Within three (3) business days of receiving a Clawback Request, the Receiving Party shall sequester (meaning to remove the document and/or information from any case database or document review software/database and place it on an isolated hard drive where it cannot be accessed, reviewed, analyzed, used, copied, or transmitted for any purposes whatsoever),, return to the producing party, or destroy, all information identified by the Producing Party as being protected by a privilege and/or immunity and inadvertently produced (including taking reasonable steps to retrieve any copies of the information shared with any other persons or entities prior to receiving such notice), and confirm such sequestration, return, or destruction in writing to counsel for the producing party. The Receiving Party shall not utilize or disseminate the inadvertently produced information for any purpose pending further order from the Court. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work-product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court. If the Court sustains a privilege claim subject to such challenge, the Receiving Party must destroy or return any material previously sequestered, and the Court may sanction any party

(including disqualifying their counsel) which failed to adequately destroy, return, or sequester material subject to that claim pending such challenge (or afterwards). If the Court does not sustain the privilege claim, the Receiving Party may use the material previously sequestered, consistent with this Protective Order and any Confidentiality or AEO designation, and the Producing Party must re-produce any material previously destroyed or returned.

22.     If, during a deposition, a party claims that a document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) is protected from disclosure, including without limitation by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity, the party may at its sole election (i) allow the document to be used during the deposition without waiver of its claim of privilege or protection; or (ii) instruct the witness not to answer questions concerning the parts of the document containing the privileged or otherwise protected material pending a prompt resolution of any disagreement concerning whether the document constitutes or contains privileged or otherwise protected material.  If the party allows the examination concerning the document to proceed on a non-waiver basis, the parties shall sequester, return, or destroy all copies of the document subject to a claim of privilege or other protection pursuant to paragraph 20. Immediately following the deposition, the parties will commence the procedures set forth in paragraph 20 to address the claim of privilege or other protection and any related disputes. Until any such disputes are resolved, the court reporter shall separate and remove the portion(s) of the transcript claimed to be privileged from the remainder of the transcript that is produced to the parties. The court reporter shall produce the privileged portion(s) or a cover page of such portion(s) separately, as applicable, affixed with the appropriate privilege or other designation pursuant to paragraph 20.

## X.    OTHER PROCEEDINGS

23.    By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose a Producing Party's information designated as Confidential or Confidential Attorneys Eyes Only Information pursuant to this Protective Order must promptly notify that Producing Party of the motion so that the Producing Party may have an opportunity to appear and be heard on whether that information should be disclosed.

## XI.    CONCLUSION OF LITIGATION

24.    Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the Producing Party all materials and documents containing Confidential or Confidential Attorneys Eyes Only Information, and to certify to the Producing Party that this destruction or return has been completed. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

## XII.    REMEDIES

25.    It is **ORDERED** that this Protective Order will be enforced by the sanctions set forth in Federal Rule of Civil Procedure 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt.

All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

26.     Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

### XIII.    MISCELLANEOUS

27.     Nothing in this Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any information designated under this Protective Order as Confidential Information provided that counsel does not disclose the material contents of the designated information in a manner not specifically authorized under this Order.

28.     The parties may, by stipulation, provide for exceptions to this Protective Order.

29.     Nothing in this Protective Order shall be construed to affect an abrogation, waiver, or limitation of any kind on the rights of the parties to assert any applicable discovery or trial privilege.

30.     All obligations and duties arising under this Protective Order shall survive the termination of this action. The Court retains jurisdiction indefinitely over the parties and any persons provided access to Confidential or Confidential Attorneys Eyes Only Information under the terms of this Protective Order with respect to any dispute over the improper use of such Confidential or Confidential Attorneys Eyes Only Information.

31.     Nothing in this Protective Order shall prejudice the right of any party to bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of any Confidential or Confidential Attorneys Eyes Only Information. Each

party shall retain the right to file a motion with the Court to: (a) modify this Protective Order to allow disclosure of information designated hereunder as Confidential or Confidential Attorneys Eyes Only Information to additional persons or entities if reasonably necessary to prepare and present this action; and (b) apply for additional protection of information designated under this Protective Order as Confidential or Confidential Attorneys Eyes Only Information. In the event a new party is added, substituted, or brought into this action, this Protective Order will be binding on and inure to the benefit of the new party, subject to the new party's right to seek relief from or modification of this Protective Order, as set forth herein.

SO ORDERED.

SIGNED: March 4, 2025.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

-18-

EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLY PINN, an individual, on her own behalf and on behalf of all other similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:24-CV-3090-B |
| QUINTESSA, LLC and SLOCUMB LAW FIRM, LLC, | § § § | |
| Defendants. | § | |

## CONFIDENTIALITY AGREEMENT FOR ANY PARTY, EMPLOYEE OF ANY PARTY, EXPERT, OR CONSULTANT

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information" or "Confidential Attorneys Eyes Only Information," as defined in the Protective Order in the above-captioned action, is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential or Confidential Attorneys Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as Confidential or Confidential Attorneys Eyes Only Information or by order of the presiding judge.

I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential or Confidential Attorneys Eyes Only Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential or Confidential Attorneys Eyes Only Information are to be returned to counsel who provided me with such documents and materials or are to be destroyed.

Date: _____

Printed Name: _____

Signature: _____

EXHIBIT B

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| KELLY PINN, an individual, on her own behalf and on behalf of all other similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:24-CV-3090-B |
| QUINTESSA, LLC and SLOCUMB LAW FIRM, LLC, | § § § | |
| Defendants. | § | |

### CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS

I, on behalf of [Vendor Name] (the "Vendor") hereby affirm that:

Information, including documents and things, designated as "Confidential Information" or "Confidential Attorneys Eyes Only Information," as defined in the Protective Order in the above-captioned action, is being provided to the Vendor pursuant to the terms and restrictions of the Protective Order.

I am an authorized representative of the Vendor.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order, and I agree on behalf of the Vendor to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

The Vendor agrees not to use any Confidential or Confidential Attorneys Eyes Only Information disclosed to the Vendor pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as Confidential or Confidential Attorneys Eyes Only Information or by order of the presiding judge.

I understand that the Vendor is to retain all documents or materials designated as or containing Confidential or Confidential Attorneys Eyes Only Information in a secure manner, and that all such documents and materials are to remain in the Vendor's custody until the completion of the Vendor's assigned duties in this matter, whereupon all such documents and materials, including copies thereof, and any writings prepared by the Vendor containing any Confidential or Confidential Attorneys Eyes Only Information, are to be returned to counsel who provided the Vendor with such documents and materials or are to be destroyed.


Date:_____


Vendor Name:_____


Representative Name: _____


Signature: _____